**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHARLES GUTIERREZ,

       Applicant,

    v.                                                                                       No. CV 12-13 RB/WPL

JAMES LOPEZ,
Warden,

       Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    This matter is before the Court on Plaintiff Charles Gutierrez's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. (Doc. 1) Gutierrez pled guilty to three counts of burglary and one count of aggravated burglary in New Mexico state court on August 11, 2011. (Doc. 1 at 1; Doc 7 Ex. A at 1-3.) He is serving a twelve year term in a state facility, which is running concurrently with a federal sentence imposed in the District of New Mexico, case number 10cr1717. (Doc. 7 Ex. A at 4.) He filed this petition for habeas corpus relief on January 4, 2012, alleging both ineffective assistance of counsel and that the terms of his plea agreement are not being implemented. (Doc. 1 at 5, 6.) Because he has not articulated a colorable federal claim, I recommend that the Court deny his petition.

    It is well settled that a federal habeas petitioner must exhaust all remedies available in state courts before bringing a habeas petition. 28 U.S.C. § 2254(b)(1)(A) & (c) (2006). This procedural requirement provides state courts a fair opportunity to act on a petitioner's claims. *Picard v. Connor*, 404 U.S. 270, 275 (1971). However, a federal court may deny a habeas petition on the merits, notwithstanding the failure to exhaust state court remedies, when it is clear that the applicant has not raised a federal claim. *See* 28 U.S.C. § 2254(b)(2) (2006); *Granberry v. Greer*, 481 U.S. 129, 135

(1987); *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002). The record indicates that Gutierrez has not filed a single post-conviction appeal at the state level. However, a review of his claims reveal that neither merit relief.

Gutierrez's first claim is for ineffective assistance of counsel during the plea bargaining stage. (Doc. 1 at 5.) A criminal defendant has a right to effective assistance of competent counsel when negotiating a plea agreement. *Padilla v. Ky.*, --- U.S.---, 130 S. Ct. 1473, 1480-81 (2010). In order to allege ineffective assistance, the defendant must demonstrate that his counsel's representation "fell below an objective standard of reasonableness" and that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). In the plea bargaining context, the defendant meets the second prong by demonstrating that, but for his counsel's erroneous advice, he would not have accepted the offer and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States v. Angelos*, 417 F. App'x 786, 790 (10th Cir. 2011) (unpublished) (quoting *Magana v. Hofbauer*, 263 F.3d 542, 551 (6th Cir. 2001)).

As the basis for his ineffective assistance claim, Gutierrez argues that his defense counsel assured him that he would be housed in a federal facility, not a state facility, while he served his two sentences concurrently. (Doc. 1 at 5.) However, he does not allege that his acceptance of the plea agreement was in any way conditional on serving his sentence in a federal facility. Since he has not alleged that he would have insisted on a trial but for his counsel's assurances that he would be in a federal facility, he cannot meet the second requirement of *Strickland*. Thus, he has not properly alleged a ground for relief in his first claim.

Gutierrez's second argument is simply factually inaccurate. He correctly states that his plea agreement and the final sentence require that he serve his federal and state sentences concurrently.

(Doc. 1 at 6.) However, he extrapolates that because he is in a state facility, it is "as if [the sentences] were running consecutive, not concurrent." (*Id.*) The fact that he is in a state facility does not remotely suggest that his sentences are now running consecutively, contrary to the state court's final sentence. While the Court understands that Gutierrez would prefer to be housed in a federal facility, this is not a basis for federal relief.

Despite his failure to exhaust state remedies for his claims, neither of his alleged grounds for relief state a habeas claim. I recommend that the Court deny his petition, and dismiss this case with prejudice. Furthermore, Gutierrez has not made a substantial showing of the denial of a constitutional right. I therefore recommend that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge